UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
FREDIE V. FELIZ MATOS,                                            :
:
                          Plaintiff,     :        25-CV-2657 (JMF)
:
           -v-                                            :        <u>ORDER OF SERVICE</u>
:        <u>AND ORDER</u>
COMMISSONER OF SOCIAL SECURITY,                                   :        <u>GRANTING LIMITED</u>
:        <u>SCOPE PRO BONO</u>
                          Defendant.     :        <u>COUNSEL</u>
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), *see* ECF No. 7, seeks review of a final decision of the Commissioner of Social Security. *See* ECF No. 1. Plaintiff alleges that he is a United States citizen residing in Manhattan but was disenrolled from Medicare because the Social Security Administration erroneously reported him as being "an illegal resident of the United States." *See* ECF No. 1, at 4.

      For the reasons that follow, the Court directs that the Clerk of Court effect service upon the United States and to seek pro bono counsel to enter a limited appearance for the purpose of taking any available steps to informally resolve this matter as expeditiously as possible. In addition, pro bono counsel may engage in settlement discussions. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## DISCUSSION

      The Court begins first with service. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3)

(the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Accordingly, the Clerk of Court is directed to complete one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant, issue a summons, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon the United States of America.  If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).  Plaintiff must notify the Court in writing if his address changes, and any failure to do so may result in dismissal of the action.

The Court turns next to Plaintiff's request for pro bono counsel.  ECF No. 3.  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention."  *Cooper*, 877 F.2d at 172.  Because Plaintiff's complaint appears to have merit, the Court grants the motion for counsel.  Given the early stage of the proceedings, the Court requests that counsel appear for the limited purpose of taking any available steps to informally resolve this matter as expeditiously as possible.  In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund, *see* Case 16-MC-0078, pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See*

https://nysd.uscourts.gov/forms/pro-bono-fund-order.  Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order.  Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

Accordingly, the Clerk of Court is instructed to issue a summons for the Commissioner of the Social Security Administration, complete the USM-285 form with the address for Defendant, mark the box on the USM-285 form labeled "Check for service on U.S.A," and deliver all documents necessary to effect service on the United States through the U.S. Marshals Service.

Furthermore, Plaintiff's Application for the Court to Request Counsel is granted.  The Clerk of Court is directed to seek pro bono counsel to enter a limited appearance for the purpose of pro bono counsel to represent Plaintiff to the extent set forth in this Order.  The Court advises Plaintiff that the process for securing pro bono representation can be lengthy.  The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation.  For all these reasons, some time may pass before a litigant is contacted by an attorney.  The Court requests that the Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation.  As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  In either instance, plaintiff should be prepared to proceed with the case pro se.

Finally, the Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package, and to terminate ECF No. 3.

SO ORDERED.

Dated: April 8, 2025
       New York, New York

                                          JESSE M. FURMAN
                                    United States District Judge